UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRITTNEY NEVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (DOC. NO. 63)**<br><br>Case No. 2:26-cv-00224<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

In this fair debt collection/fair credit reporting action, the parties dispute whether Brittney Nevarez should be permitted to file an amended complaint. Proceeding without an attorney,[1] Ms. Nevarez claims Portfolio Recovery Associates, LLC (PRA), violated the Fair Debt Collection Practices Act and Fair Credit Reporting Act in attempting to collect a debt.[2] She now asks to file an amended complaint[3]—to add a claim under the Telephone Consumer Protection Act (TCPA) and to "clarify and supplement the factual

[1] Because Ms. Nevarez is representing herself, her filings are liberally construed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But she must still follow the procedural rules. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] (*See* Ex. A to Notice of Removal, Small Claims Summons & Aff. (Compl.), Doc. No. 1-2.) Ms. Nevarez filed this case in small claims court, and PRA removed it to federal court.

[3] (Pl.'s Mot. for Leave to File First Am. Compl. (Mot.), Doc. No. 63.)

allegations supporting" her existing claims.[4] PRA argues the amendment is untimely under the scheduling order and the proposed TCPA claim is futile.[5] Because the record shows good cause to allow this amendment, and PRA's futility arguments are more appropriately addressed in the context of dispositive motions, Ms. Nevarez's motion is granted.

## LEGAL STANDARDS

Unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[6] But courts should "freely give leave when justice so requires."[7] This gives litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[8] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9] Prejudice to

---

[4] (*Id.* at 2.)

[5] (Def. Portfolio Recovery Associates, LLC's Resp. to Pl.'s Mot. for Leave to File First Am. Compl. (Opp'n), Doc. No. 64.)

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citation omitted).

[9] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

the opposing party is the “most important” factor in deciding whether to permit amendment.[10]

In addition, a party seeking leave to amend pleadings after the deadline has passed must show good cause to modify the schedule under Rule 16(b)(4).[11] “[G]ood cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party.”[12]

ANALYSIS

PRA first argues Ms. Nevarez has not shown good cause to allow amendment after the scheduling order deadline. It also argues the proposed TCPA claim is futile. But Ms. Nevarez diligently pursued amendment early in the discovery period and PRA’s claim of futility would be more appropriately raised in a dispositive motion.

Rule 16

Where Ms. Nevarez filed her motion after the deadline for moving to amend pleadings (May 15, 2026),[13] she must show good cause under Rule 16 to extend this

---

[10] *Minter*, 451 F.3d at 1207.

[11] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat’l Bank Ass’n*, 771 F.3d 1230, 1241 (10th Cir. 2014); *see also* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order “may be modified only for good cause and with the judge’s consent”).

[12] *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (alteration in original) (internal quotation marks omitted).

[13] (*See* Scheduling Order, Doc. No. 26.)

deadline. Although Ms. Nevarez does not expressly address Rule 16 or the good cause standard, good cause is apparent from the case record.

Under the scheduling order as it stands, Ms. Nevarez had no options. The order was entered on May 27, 2026—two weeks *after* the amendment deadline established in it.[14] Because the parties disputed several portions of the proposed scheduling order, it was entered after briefing on the disputed issues. As a result, some stipulated deadlines, including Ms. Nevarez's amendment deadline, had already passed by the time the order was entered. In other words, the deadline expired before Ms. Nevarez even had a meaningful opportunity to conduct discovery.

Just over two months later, Ms. Nevarez filed a motion to amend her complaint to add the TCPA claim, explaining she had "discovered facts" supporting it.[15] PRA filed notice of non-opposition to this motion.[16] But because Ms. Nevarez's proposed amended complaint contained *only* the new TCPA claim, the court notified Ms. Nevarez that a grant of her motion would result in abandonment of her existing claims.[17] The court invited Ms. Nevarez to either confirm her intent to proceed only on the TCPA claim or withdraw her motion and file a new motion to amend. Ms. Nevarez timely withdrew

---

[14] (*See id.*)

[15] (Doc. No. 44.)

[16] (Doc. No. 48.)

[17] (Doc. No. 52.)

her motion by the deadline in the order,[18] and she filed the instant motion to amend three weeks later—on September 16.[19]

This record shows Ms. Nevarez made diligent efforts to pursue amendment early in the discovery period. She first moved to add the TCPA claim just over two months after entry of the scheduling order—and PRA did not oppose the amendment at that time. She then promptly filed a new motion after the court identified the problem with her first motion and invited her to correct it.

PRA argues Ms. Nevarez fails to establish she was unaware of her TCPA claim before filing this lawsuit.[20] But in her prior motion, she indicated she learned facts supporting this claim in discovery.[21] Neither party provides detailed briefing on this issue. Liberally construing Ms. Nevarez's filings, the court accepts her representation that she based the claim on newly discovered facts. This approach is sensible where PRA did not initially oppose the amendment.

In sum, the scheduling order's expired amendment deadline was impracticable from the outset. Enforcing it would be unfair to Ms. Nevarez. Where Ms. Nevarez diligently pursued amendment after discovery began, good cause supports allowing amendment after the deadline. The Rule 16 standard is met.

---

[18] (*See* Doc. No. 54.)

[19] (Doc. No. 63.)

[20] (Opp'n 4–5, Doc. No. 64.)

[21] (*See* Doc. No. 44.)

Amendment Factors

Turning to the other factors, PRA argues only that the proposed amendment would be futile. Although leave to amend may be denied based on futility alone,[22] courts often decline to analyze futility in the context of a motion to amend if the arguments would be more appropriately addressed in dispositive motions.[23] Particularly when futility arguments duplicate those which could be raised in dispositive motions, addressing futility in the context of a motion to amend "place[s] the cart before the horse."[24]

PRA's futility arguments would be more appropriately addressed in dispositive motions. PRA argues the TCPA claim is futile because an affidavit and other documents attached to its opposition show no TCPA violation occurred.[25] But this amounts to an evidentiary argument—more appropriate for summary judgment or trial. This evidence will not be addressed in the context of a motion to amend pleadings.

---

[22] *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[23] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility arguments based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[24] *Obeslo v. Great-West Cap. Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R. & R. adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017) (unpublished).

[25] (*See* Opp'n 5–7 & Ex. 1 to Opp'n, Doc. No. 64.)

PRA does not contend any other factors justifying denial of leave to amend apply here. This is Ms. Nevarez's first amendment, she did not unduly delay seeking leave to amend, and there is no evidence of bad faith or dilatory motive. Most importantly, the amendment will not unduly prejudice PRA, where the case is in early stages and discovery has not yet closed.[26] Indeed, the lack of prejudice is apparent where PRA did not oppose Ms. Nevarez's first motion to add a TCPA claim—less a month before she filed the instant motion. Justice requires leave to amend be granted.

CONCLUSION

Ms. Nevarez's motion to amend[27] is granted. The court clerk is directed to refile Ms. Nevarez's proposed first amended complaint (docket number 63-1) as the Amended Complaint. (Ms. Nevarez does not need to refile it.) Once filed on the docket, the amended complaint will be the operative complaint in this case.

DATED this 27th day of October, 2026.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

[26] (*See* Doc. No. 26 at 4 (providing a November 30, 2026 fact discovery deadline).)

[27] (Doc. No. 63.)