UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRITTNEY NEVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S FOURTH MOTION TO COMPEL DISCOVERY RESPONSES (DOC. NO. 68)**<br><br>Case No. 2:26-cv-00224<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Portfolio Recovery Associates, LLC has filed a fourth motion to compel, requesting an order for (1) Brittney Nevarez to respond to its discovery requests, and (2) fees and costs.[1] Ms. Nevarez filed a response indicating she is willing to supplement her responses, and opposing the requests for fees and costs.[2]

PRA's motion is granted in part and denied in part. Specifically, the motion is granted as to all interrogatories (1 through 18) and requests for production 1, 3 (nonmedical records only), 4 through 16, and 18 through 22. Ms. Nevarez must serve supplemental responses and produce responsive documents for these requests by

---

[1] (Def. Portfolio Recovery Associates, LLC's Fourth Mot. to Compel Disc. Resps. (Mot.), Doc. No. 68.)

[2] (Pl.'s Opp'n to Def.'s Fourth Mot. to Compel Disc. Resps. and Req. to Deny or Limit Sanctions (Opp'n), Doc. No. 73.) Because Ms. Nevarez is representing herself without an attorney, her filings are liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But she still must still follow the procedural rules. *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**November 30, 2026**. The motion is denied as to RFPs 2, 3 (as to medical records), 17, and 23. And PRA's request for fees and costs is denied.

## ANALYSIS

PRA argues Ms. Nevarez did not properly serve discovery responses, and the various responses she filed on the docket are either nonresponsive or incomplete. PRA also claims Ms. Nevarez produced no responsive documents, and an award of fees and costs is mandatory. Each issue is addressed in turn.

### Failure to Serve

First, PRA contends Ms. Nevarez failed to serve discovery responses because she merely filed her discovery responses on the docket, and those responses were later stricken. But Ms. Nevarez served the responses on PRA by filing them on the docket. The parties agreed to "receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission"—including discovery papers.[3] When Ms. Nevarez filed the responses, they were automatically emailed to PRA by the court's electronic-filing system. This constitutes proper service under the scheduling order and the federal rules, where the parties agreed to this service method.

The court later struck Ms. Nevarez's responses from the docket pursuant to a local rule prohibiting filing discovery requests or responses (except as exhibits for hearings or motion briefing), to reduce docket clutter.[4] But striking the responses from

---

[3] (Scheduling Order ¶ 1(d), Doc. No. 26; Att'y Planning Meeting Report ¶ 1(e), Doc. No. 17-2); *see also* Fed. R. Civ. P. 5(a)(1)(C) (including within the rule "a discovery paper required to be served on a party"); Fed. R. Civ. P. 5(b)(2)(F) (allowing service "by any other means that the person consented to in writing").

[4] (*See* Order Den. Mot. for Disc. Dispute Conference, Doc. No. 47); DUCivR 26-1(a)(1), (3).

the docket did not negate the prior email service. The responses were served on PRA when Ms. Nevarez filed them.

**Interrogatories**

PRA served eighteen interrogatories, and it contends Ms. Nevarez did not answer any of them. Instead, according to PRA, Ms. Nevarez answered "a different, renumbered set of only eight interrogatories, several of them questions a plaintiff would pose to a defendant."[5] In her opposition, Ms. Nevarez acknowledges "some prior answers may not have matched the wording and numbering of Defendant's original interrogatories," and she states she will "serve separately numbered supplemental answers to Defendant's original Interrogatories Nos. 1–18."[6]

Ms. Nevarez did not adequately respond to PRA's interrogatories. She filed a document containing answers to eight numbered interrogatories—but they do not directly correspond to PRA's interrogatories, and the answers are incomplete.[7] For example, PRA's Interrogatory 1 asks Ms. Nevarez to state her "full name, including all former names or alias names, current residence address, date of birth, social security number, and all telephone numbers used by" her.[8] Ms. Nevarez's response identifies

---

[5] (Mot. 5, Doc. No. 68.)

[6] (Opp'n 2, Doc. No. 73.)

[7] (Doc. No. 34.) Because PRA's motion references the stricken responses Ms. Nevarez filed on the docket, this order does the same.

[8] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., Interrog. 1, Doc. No. 68-1.)

"Interrogatory No. 1" as "State your full name and address" (an incomplete restatement), and she provides that information—but she omits the other requested information.[9]

Other answers address categories of information PRA requested, although the numbering does not match PRA's interrogatories and the answers are incomplete. For example, PRA's Interrogatory 4 asks Ms. Nevarez to "[i]dentify and itemize all damages [she] claims to have incurred to date as a result of PRA's conduct alleged in the Complaint."[10] And PRA's Interrogatory 5 asks her to "state the amount and entire basis for [actual] damages and indicate how these damage amounts were caused by PRA."[11] Ms. Nevarez's response lists a single "Interrogatory No. 2 (Damages)" and states: "Plaintiff alleges damages including statutory damages under the FDCPA and FCRA, and TCPA harm to credit reporting, time spent disputing accounts, and emotional distress."[12] This answer does not fully respond to Interrogatories 4 and 5—Ms. Nevarez does not list any amounts, state whether she is seeking actual damages, or address causation of actual damages.

Similarly, Ms. Nevarez's answers to interrogatories she numbered 4 and 6 provide some information about communications with PRA[13]—a topic covered in PRA's Interrogatory 6.[14] She provides a generic description of the communication methods

---

[9] (Doc. No. 34 at 1.)

[10] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., Interrog. 4, Doc. No. 68-1.)

[11] (*Id.*, Interrog. 5.)

[12] (Doc. No. 34 at 1.)

[13] (*Id.* at 1–2.)

[14] (*See* Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., Interrog. 6, Doc. No. 68-1.)

and topics (e.g., "[w]ritten correspondence from Defendant regarding the alleged accounts").[15] But she omits the "dates of each contact, participants and substance."[16] While she states she "does not recall the exact date of every communication,"[17] she does not even attempt to provide timeframes. She also indicates she will supplement her answer based on documents produced in discovery,[18] but there is no evidence she has done so in the three months since she served this answer.

Further, some of Ms. Nevarez's interrogatory answers bear no apparent connection to PRA's interrogatories. And she did not provide any answer to the majority of PRA's interrogatories. For all these reasons, Ms. Nevarez's interrogatory answers are deficient. Ms. Nevarez must serve complete answers to PRA's interrogatories 1 through 18 within fourteen days. Her answers must be numbered to correspond to PRA's interrogatories.

**Requests for Production**

PRA served twenty-three RFPs, and it contends Ms. Nevarez has not produced any responsive documents. Ms. Nevarez filed several documents labeled as responses to the RFPs, some containing objections, and she produced some documents.[19] According to PRA, the documents Ms. Nevarez produced consist primarily of communications with PRA's counsel or the court, and they are not responsive to the

---

[15] (Doc. No. 34 at 2.)

[16] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., Interrog. 6, Doc. No. 68-1.)

[17] (Doc. No. 34 at 2.)

[18] (*Id.*)

[19] (*See* Doc. Nos. 31, 33, 36, 37, & 58.)

RFPs.[20] In her opposition, Ms. Nevarez states she has responded and produced documents, but she also indicates she is willing to supplement her production if deficiencies are identified.[21]

As an initial matter, the court construes Ms. Nevarez's responses filed on June 18, 2026 (docket number 31) as her responses to the RFPs. (Ms. Nevarez refiled the same document at docket number 37.) While Ms. Nevarez later filed other documents labeled as RFP responses, the numbering in them does not correspond to the RFPs served by PRA.[22] Accordingly, the court considers the sufficiency of Ms. Nevarez's June 18 responses and objections, and any related document production.

<u>Objections:</u> First, Ms. Nevarez's objections are either moot are overruled.

- Mr. Nevarez objects to various RFPs on grounds that they seek documents outside her possession, custody, or control. But PRA expressly limited its

---

[20] (*See* Mot. 4–5 & 5 n.1, Doc. No. 68.) PRA suggests some documents Ms. Nevarez produced were ex parte communications with the court. Although not relevant to this discovery dispute, the court addresses this assertion to clear up any misconception about the nature of these communications. The emails at issue were emails from Ms. Nevarez to the court clerk, transmitting documents to be filed on the docket in this case. This is the proper procedure for unrepresented parties to file documents by email, as described in the "Email Filing and Notification Form for Unrepresented Parties" (Doc. No. 21). Opposing counsel need not be copied on these emails, because all attorneys on the case receive electronic notice of the filed documents when the clerk dockets them. Therefore, these transmittal emails do not constitute improper ex parte communications with the court.

[21] (Opp'n 1–2, Doc. No. 73.)

[22] (*See* Doc. Nos. 33 & 36.)

requests to documents in Ms. Nevarez's (or her agents') possession, custody, or control.[23] This objection is overruled.

- Ms. Nevarez objects to various requests based on attorney-client privilege and "attorney work product."[24] But she does not identify the basis for asserting privilege or protection, state whether she is withholding documents, or provide a privilege log. Notably, she does not explain how attorney-client privilege applies, given that she is representing herself. These objections are overruled. If Ms. Nevarez believes documents are properly considered privileged, she may reassert privilege objections if she produces a privilege log for all documents withheld based on a claim of privilege.
- Ms. Nevarez's objections to requests for medical records are moot, where the RFPs only request such records if she seeks medical damages, and her response confirms she is not seeking those damages.
- Ms. Nevarez objects to various other requests as vague, overbroad, irrelevant, disproportionate, and unduly burdensome, but she does not explain the basis for these objections or identify any specific burden. Based on a review of the requests, they are relevant to the parties' claims and defenses and proportional to the needs of the case.[25] These objections are overruled.

---

[23] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., Add'l Instructions & Definitions ¶ 3, Doc. No. 68-1.)

[24] (*E.g.*, Doc. No. 31 at 6, 8.)

[25] *See* Fed. R. Civ. P. 26(b)(1).

- Ms. Nevarez's objection that some documents are equally available to PRA or third parties is overruled.

In sum, Ms. Nevarez's objections are moot as to requests for medical records, and her other objects are overruled.

Requests for Medical Records (RFPs 2, 3, and 23)

PRA's motion is denied to as to requests for production of medical records, medical bills, and a medical release form (RFPs 2, 3, and 23).

RFPs 2 seeks medical records—but only if Ms. Nevarez claims damages for a medical condition.[26] In her response to RFP 2, Ms. Nevarez states she "does not currently claim medical damages."[27] Ms. Nevarez's response is sufficient. Where she does not claim medical damages, she need not produce medical records.

RFP 3 seeks documents evidencing emotional distress damages, including medical records and bills.[28] Ms. Nevarez responded that she has not sought medical or psychiatric treatment for emotional distress caused by PRA, and that she would produce other responsive documents.[29] Ms. Nevarez's response is sufficient to show no responsive medical records or bills exist (though she must still produce any other documents evidencing emotional distress damages).

---

[26] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., RFP 2, Doc. No. 68-1.)

[27] (Doc. No. 31 at 2.)

[28] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., RFP 3, Doc. No. 68-1.)

[29] (Doc. No. 31 at 2.)

RFP 23 asks Ms. Nevarez to sign and return a medical records release form if she is claiming medical or emotional distress damages.[30] Ms. Nevarez's response to RFP 2 confirms she does not claim medical damages. And while she claims emotional distress damages, her response to RFP 3 confirms she has not sought medical treatment for emotional distress. Where there are no responsive medical records, Ms. Nevarez need not provide a release form.

RFP 17

The motion to compel is denied as to RFP 17, where Ms. Nevarez states there are no responsive documents in her possession, custody, or control.[31] This response is adequate. PRA seems to acknowledge this; it identifies no deficiency in Ms. Nevarez's response.[32]

Other RFPs (1, 4 through 16, and 18 through 22)

Ms. Nevarez's responses to the remaining RFPs (1, 4 through 16, and 18 through 22) do not unequivocally state there are no responsive documents in her possession, custody, or control. And while many responses state she will produce responsive records, there is no evidence she has actually done so in the months since she filed her June 18 responses. PRA claims she has not produced any responsive documents, and Ms. Nevarez provides no evidence refuting this. She offers only a conclusory assertion that she produced documents, without identifying when she produced them or how any production was responsive to the RFPs. Accordingly, the

---

[30] (Ex. 1 to Mot., PRA's First Set of Disc. Reqs. to Pl., RFP 23, Doc. No. 68-1.)

[31] (Doc. No. 31 at 8–9.)

[32] (*See* Mot. 9, Doc. No. 68 (deficiency chart with no deficiency identified for RFP 17).)

motion to compel is granted as to the remaining RFPs. Ms. Nevarez must serve supplemental responses and produce responsive documents, pursuant to the instructions in the conclusion section below.

**Attorney Fees and Costs**

PRA argues an award of fees and costs is mandatory if its motion to compel is granted.[33] But the federal rules do not mandate an award of expenses where, as here, the motion is granted in part and denied in part. Instead, courts "*may* . . . apportion the reasonable expenses for the motion."[34] And even if a motion to compel is granted, the federal rules provide exceptions to a mandatory award of expenses, including if "other circumstances make an award of expenses unjust."[35]

An award of expenses is unjust under the circumstances here, and each party is apportioned their own expenses for this motion. PRA notes the court granted a prior motion to compel discovery responses[36] (after Ms. Nevarez initially failed to respond), and Ms. Nevarez still has not provided adequate responses in the four months since. But the record shows Ms. Nevarez has made repeated efforts to respond to PRA's discovery requests since the prior order, though her responses were largely inadequate.[37] Further, some delay is attributable to PRA's filing of discovery motions

---

[33] (Mot. 11–13, Doc. No. 68.)

[34] Fed. R. Civ. P. 37(a)(5)(C) (emphasis added).

[35] Fed. R. Civ. P. 37(a)(5)(A)(iii).

[36] (*See* Order Granting Mot. to Compel Disc. Resps., Doc. No. 30.)

[37] (*See, e.g.*, Doc. Nos. 31, 33, 34, & 36.)

which did not comply with the local rules or the Discovery Management Order[38]—resulting in several rounds of denial and refiling.[39] And while Ms. Nevarez's pro se status does not excuse her from meeting discovery obligations, some leeway is warranted—particularly where this is the first order identifying specific deficiencies in her responses and instructing her how to remedy them. Considering all these circumstances, awarding fees and costs to PRA would be unjust. PRA's request is denied.

## CONCLUSION

PRA's motion[40] is granted in part and denied in part, and the court orders as follows:

1. By **November 30, 2026**, Ms. Nevarez must serve complete answers to PRA's Interrogatories 1 through 18. Her answers must be numbered to correspond to PRA's interrogatories.

2. By **November 30, 2026**, Ms. Nevarez must serve supplemental responses and produce responsive documents for RFPs 1, 3 (nonmedical records only), 4 through 16, and 18 through 22. Her supplemental responses must verify, for each RFP, that either: 1) she has produced all responsive documents, or 2) there are no responsive documents in her possession, custody, or control after a diligent search. Ms. Nevarez must also label her production or otherwise provide sufficient information for PRA to identify which documents she has produced in response to each RFP. If Ms. Nevarez

---

[38] (Doc. No. 27.)

[39] (*See* Doc. Nos. 55 & 65 (denying PRA's second and third motions to compel).)

[40] (Doc. No. 68.)

withholds any documents based on a claim of privilege, she must provide a privilege log.

DATED this 13th day of November, 2026.

BY THE COURT:

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge