UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| BRITTNEY NEVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS (DOC. NO. 93)**<br><br>Case No. 2:26-cv-00224<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

Portfolio Recovery Associates, LLC has filed a motion for sanctions after Brittney Nevarez twice failed to appear for her deposition.[1] PRA requests an order (1) requiring Ms. Nevarez to pay fees and costs incurred for the failed depositions, and (2) limiting the testimonial evidence Ms. Nevarez can provide in summary judgment briefing or compelling Ms. Nevarez to appear for a deposition on November 30, 2026.[2] Ms. Nevarez generally argues she was justified in missing the deposition because she had outstanding discovery requests and received invalid notice.[3]

[1] (Def. Portfolio Recovery Associates, LLC's Mot. for Sanctions for Pl.'s Failure to Appear at Her Dep. (Mot.), Doc. No. 93.)

[2] (*Id.* at 9.)

[3] (Pl.'s Resp. in Opp'n to Def.'s Mot. for Sanctions for Pl.'s Failure to Appear at Her Dep. (Opp'n), Doc. No. 96.) Because Ms. Nevarez is representing herself without an attorney, her filings are liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

PRA's motion is granted in part and denied in part. Ms. Nevarez is ordered to pay PRA's out-of-pocket costs related to her non-appearance, and to pay attorney's fees for PRA's counsel's travel time, time spent waiting for her on November 10, and time spent preparing the motion for sanctions. And she must attend her deposition on November 30, 2026.

**BACKGROUND**

The discovery period, which has been open for about six months, closes at the end of this month.[4] PRA first scheduled Ms. Nevarez's deposition for November 6, 2026, at PRA's counsel's office.[5] PRA issued a deposition notice by email, fourteen days in advance.[6] During the two weeks leading up to the deposition, PRA sent Ms. Nevarez two email reminders of the deposition date.[7] PRA also tried to call her twice, but she did not answer.[8] The day before the deposition, Ms. Nevarez emailed PRA, stating she could not attend the deposition because of her "existing work obligations

---

Cir. 1991). But she still must still follow the procedural rules. *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[4] (Scheduling Order, Doc. No. 26.)

[5] (Mot 3–4, Doc. No. 93.)

[6] (*Id.*)

[7] (*Id.* at 4.)

[8] (*Id.*)

and responsibilities."[9] But she confirmed she was "not refusing to participate in discovery," she just needed "reasonable scheduling accommodations" so she could maintain her employment.[10] In her email, Ms. Nevarez also requested production of various information she believes is relevant to her claims.[11] And she concluded by asking whether PRA would reschedule the deposition and reaffirming her intent "to cooperate fully in completing discovery, while maintaining her employment and protecting her rights."[12]

PRA rescheduled the deposition for November 10, 2026,[13] and emailed to confirm Ms. Nevarez's appearance.[14] She did not respond.[15] An hour before the deposition was scheduled to begin, Ms. Nevarez emailed stating she would not proceed with her deposition "while significant discovery requests directed to PRA remain unresolved."[16] She claimed she had "repeatedly requested" relevant records but PRA "continue[d] to characterize [her] requests as duplicative" and already in her

---

[9] (Ex. 5 to Decl. of Christopher Lund in Support of Def.'s Mot. for Sanctions (Lund Decl.), Doc. No. 93-1 at 24.) Because parts of the exhibits lack page numbers, page references are to CM/ECF pagination.

[10] (*Id.*)

[11] (*Id.* at 24–25.)

[12] (*Id.* at 25.)

[13] (Mot. 4, Doc. No. 93.)

[14] (*Id.*)

[15] (*Id.*)

[16] (Ex. 7 to Lund Decl., Doc. No. 93-1 at 33.)

possession.[17] Ms. Nevarez demanded PRA correct the perceived deficiencies and explain "the basis for its continued insistence on proceeding with [her] deposition" while her discovery disputes remained.[18] Ms. Nevarez concluded by reaffirming her refusal to be deposed.[19]

The parties dispute the validity of the second deposition notice. PRA contends it served the notice on November 6.[20] But Ms. Nevarez claims she never received a "separate, properly served written notice" for the new date.[21] As she notes, the certificate of service states PRA served the notice on October 23, 2026—a factual impossibility where the need for the notice did not arise until two weeks later.[22] But Ms. Nevarez also "acknowledges that she should have obtained appropriate [c]ourt relief before declining to attend the November 10 deposition."[23]

---

[17] (*Id.*)

[18] (*Id.* at 33–34.)

[19] (*Id.* at 34.)

[20] (Mot. 4, Doc. No. 93; Ex. A to Mot., Lund Decl. ¶ 2, Doc. No 93-1 at 1–2.)

[21] (Opp'n, Doc. No 96 at 7.) Because Ms. Nevarez's opposition lacks page numbers, page references are to CM/ECF pagination.

[22] (*See* Ex. 1 to Lund Decl., Doc. No. 93-1 at 10–12.)

[23] (Opp'n, Doc. No 96 at 7.)

## ANALYSIS

PRA moves for an award of attorney's fees and costs incurred in connection with the depositions Ms. Nevarez failed to attend.[24] PRA also asks the court to either (1) preclude Ms. Nevarez from "offering testimony, affidavit, or declaration in support of her claims[] or in opposition to summary judgment," or (2) order Ms. Nevarez "to appear for her deposition" on November 30, 2026, and warn her "that any further failure to appear will result in dismissal."[25] Ms. Nevarez opposes an award of attorney's fees and costs.[26] She also argues, if the court sanctions her, the appropriate sanction is for her to be deposed before November 30, 2026.[27]

1. Ms. Nevarez Must Pay Attorney's Fees and Costs

PRA moves for an award of attorney's fees and costs incurred in connection with the depositions Ms. Nevarez failed to attend.[28] These costs include expenses counsel incurred for non-refundable lodging for the first deposition ($119.50), airport parking for the second deposition ($10), and meals while traveling for the second deposition ($29.23).[29] PRA also seeks attorney's fees for time spent traveling to the second

---

[24] (Mot. 9, Doc. No. 93.)

[25] (*Id.*)

[26] (*See* Opp'n, Doc. No. 96 at 1–2, 6–7.)

[27] (*Id.* at 3–4.)

[28] (Mot. 6, 9, Doc. No. 93.)

[29] (*Id.* at 6; Lund Decl. ¶ 8, Doc. No. 93-1 at 4–5.)

deposition and preparing the motion for sanctions.[30] Under Rule 37(d), if a party does not attend her own deposition after being served with proper notice, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[31]

As to the lodging expenses incurred for the first deposition, PRA has shown it properly served notice of Ms. Nevarez's deposition.[32] And she does not dispute the sufficiency of the notice. Instead, Ms. Nevarez argues she was justified in refusing to attend her deposition because of her work obligations.[33] While it can be inherently difficult to coordinate work obligations, she was not justified in waiting to raise this issue with PRA until the day before the deposition—especially where PRA reminded her of the deposition multiple times.[34] Under these circumstances, it is not unjust to award PRA the lodging costs for the first deposition.

Ms. Nevarez makes three arguments why the court should not award PRA attorney's fees and costs for the second deposition: PRA had not adequately responded to her discovery requests, the certificate of service shows the wrong service date, and

---

[30] (Mot. 6, Doc. No. 93; Lund Decl. ¶ 9, Doc. No. 93-1 at 5.)

[31] Fed. R. Civ. P. 37(d)(1)(A)(i), (d)(3).

[32] (*See* Ex. 1 to Lund Decl., Doc. No. 93-1 at 7–9.)

[33] (*See* Opp'n, Doc. No. 96 at 3–4.)

[34] (*See* Mot. 3–4, Doc. No. 93.)

PRA did not sufficiently coordinate the new deposition date.[35] None of this justifies Ms. Nevarez's failure to appear at the deposition.

First, Ms. Nevarez was not justified in failing to appear at her deposition simply because she had outstanding discovery requests. To start, despite complaining of deficient responses, Ms. Nevarez did not file a motion to compel.[36] And If Ms. Nevarez believed her outstanding requests justified delaying the deposition, she needed to seek a protective order, not disregard the deposition.[37] Ms. Nevarez even acknowledges as much.[38] In short, Ms. Nevarez may not use outstanding discovery issues to excuse her from her deposition.

Second, the record does not support Ms. Nevarez's contention of inadequate notice. Ms. Nevarez disputes "receiving a separate, properly served written notice" for

---

[35] (Opp'n, Doc. No. 96 at 4, 6–7.)

[36] Ms. Nevarez's only discovery motion is a request to conduct limited supplemental discovery. (Doc. No. 84.) She asks "to serve one limited supplemental discovery request" inquiring into PRA's similar "other lawsuits and complaints." (*Id.* at 1–2.) But she does not ask the court to compel PRA to answer any requests and the motion does not comply with the local rules for a motion to compel. *See* DUCivR 37-1.

[37] *See* Fed. R. Civ. P. 26(c); *see also* Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). Ms. Nevarez notes she filed a motion for protective order. (*See* Opp'n, Doc. No. 96 at 5.) But this motion was completely unrelated: it addressed whether PRA could subpoena phone records from T-Mobile. (*See* Mot. for Protective Order, Doc. No. 74.) Ms. Nevarez asks the court to credit her efforts to "address the discovery concerns through the court." (Opp'n, Doc. No. 96 at 5.) But none of this bears on whether Ms. Nevarez was justified in skipping the depositions.

[38] (Opp'n, Doc. No. 96 a 7 ("Plaintiff acknowledges that she should have obtained appropriate Court relief before declining to attend the November 10 deposition.").)

the second deposition because the date on the certificate of service does not match when PRA represents it served the notice.[39] But Ms. Nevarez's actions do not align with her arguments. In her email refusing to attend the second deposition, she did not claim she lacked notice of it. Instead, Ms. Nevarez solely objected that "significant discovery requests directed to PRA remain unresolved."[40] On this record, it is apparent Ms. Nevarez had notice of the deposition and chose not to attend. Finally, PRA's alleged failure to coordinate a deposition date did not justify Ms. Nevarez's non-appearance. As established, her recourse was to request a protective order.

Where Ms. Nevarez was unjustified in failing to attend her depositions, PRA is entitled to attorney's fees and costs. Ms. Nevarez must pay PRA's attorney's fees for travel time and the time counsel waited for her to appear on November 10. She must also pay PRA's attorney's fees incurred in bringing the sanctions motion, where she was unwilling to be deposed until after PRA filed the motion. Finally, Ms. Nevarez must pay PRA $158.73 for the out-of-pocket costs incurred because of her failure to appear at both depositions.

2. <u>Ms. Nevarez Must Attend Her Deposition on November 30, 2026</u>

PRA asks the court to preclude Ms. Nevarez from offering testimony, affidavits, or declarations in support of her claims or in opposition summary judgment.[41]

---

[39] (*Id.*)

[40] (Ex. 7 to Lund Decl., Doc. No. 93-1 at 33.)

[41] (Mot. 9, Doc. No. 93.)

Alternatively, it asks the court to order Ms. Nevarez to appear for her deposition on November 30 and warn that failure to appear may result in the case being dismissed.[42] Ms. Nevarez asks the court to allow her deposition to proceed and not impose a sanction that could prevent her from presenting her case.[43]

"The imposition of sanctions is discretionary based on the particular circumstances of the case."[44] For instance, courts may "prohibit the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[45] Or a court may may dismiss a claim if a plaintiff fails to comply with the federal rules.[46] When contemplating dismissal with prejudice for failing to comply with the federal rules, the court must consider the five *Ehrenhaus* factors: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[47]

---

[42] (*Id.*)

[43] (Opp'n, Doc. No. 96 at 2–3.)

[44] *Lykins v. CertainTeed Corp.*, 555 F. App'x 791, 797 (10th Cir. 2014) (unpublished) (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1236 (10th Cir.2009)).

[45] Fed. R. Civ. P. 37(b)(2)(A)(ii), (d)(3).

[46] Fed. R. Civ. P. 41(b).

[47] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

PRA does not ask for dismissal because the court has yet to warn Ms. Nevarez her case may be dismissed if she fails to appear.[48] But the proposed alternative—limiting Ms. Nevarez's ability to offer certain evidence—would have the same practical effect, where Ms. Nevarez is the primary witness in her case. Because the requested sanction could have a dispositive effect, the *Ehrenhaus* factors are considered.

Under the first factor, Ms. Nevarez's failure to attend her depositions has prejudiced PRA. PRA has borne the effort and expense of preparing for and attending depositions Ms. Nevarez failed to attend. (But this prejudice can be mitigated by ordering her to pay PRA's fees and costs.) Under the second factor, Ms. Nevarez has also interfered with the judicial process. Her failure to participate has delayed discovery and risks interfering with case deadlines. Under the third factor, Ms. Nevarez is culpable for this prejudice and interference, where she has offered an insufficient explanation or excuse for her failure to attend her depositions. In other words, the first three *Ehrenhaus* factors favor dismissal or a sanction with that practical effect. On the other hand, under the fourth factor, the court has not previously warned Ms. Nevarez that noncompliance would likely result in dismissal of the action—although the court has twice ordered her to comply with other discovery obligations. And under the fifth factor, it is not apparent lesser sanctions would be ineffective, where none have been tried.

Considering all these factors, dispositive sanctions are unwarranted at this stage. The lack of any prior warning and the fact that no lesser sanctions have been tested

[48] (Mot. 8, Doc. No. 93.)

outweigh the other factors favoring dismissal.[49] And where dismissal is inappropriate, it is premature to limit Ms. Nevarez from offering certain evidence to support her claims, given the practical effect that sanction would have. Instead, the appropriate sanction here is to order Ms. Nevarez to pay the fees and costs outlined above and to compel her attendance at her deposition on November 30, 2026. And if she fails to appear again, she does so with full notice that it may result in her case being dismissed.

## CONCLUSION

PRA's motion for sanctions[50] is granted in part and denied in part, and the court orders as follows:

1. PRA must serve a new notice of deposition, directing Ms. Nevarez to appear for her deposition on November 30, 2026.

2. Ms. Nevarez must appear for her deposition on November 30, 2026. Ms. Nevarez is warned that if she does not attend her deposition as ordered, the case may be dismissed.

3. Ms. Nevarez is ordered to pay PRA $158.73 in costs within fourteen days. Ms. Nevarez must also pay PRA's attorney's fees for travel time, time counsel waited for her to appear on November 10, and time spent preparing the motion for sanctions.

---

[49] *See Ehrenhaus*, 965 F.2d at 920 (stating dismissal is an "extreme sanction" which "should be used as a weapon of last, rather than first, resort" (internal quotation marks omitted)).

[50] (Doc. No. 93.)

The parties must confer regarding the amount of the fees. If the parties are unable to agree, PRA must file a motion regarding the amount of the fees by **December 21, 2026**.

DATED this 23rd day of November, 2026.

BY THE COURT:

Daphne A. Oberg

Daphne A. Oberg
United States Magistrate Judge